Timothy Reed, Esq. (242578)
Fredrick Schulman & Associates
30 East 29TH Street
New York, New York 10016
Telephone (212)796-6053
Fax (212) 951-7379
Email: info@fschulmanlaw.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
-------------------------------------------------------X
Ron Glazier,

                   Civil Action No.:_____

       Plaintiff,

    -against-             **VERIFIED COMPLAINT AND**
                       **DEMAND FOR JURY TRIAL**

Bay Area Credit Service, LLC.,

       Defendant.
-------------------------------------------------------X

   Now comes Plaintiff Ron Glazier (hereinafter referred to as "Plaintiff"), by and through his attorneys, Fredrick Schulman & Associates, Attorneys at Law, and brings this action to recover monetary damages, and declaratory and injunctive relief, against Defendant Bay Area Credit Service, LLC (hereinafter referred to as " Defendant "), arising from Defendant's violations of 15 U.S.C. §1692 *et seq.*, commonly referred to as the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA").

## PRELIMINARY STATEMENT

   The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another.  The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy.  Congress enacted the FDCPA to

1

eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a)-(e).

## PARTIES

1. At all relevant times herein, Plaintiff is a resident of the State of California, County of Los Angeles.

2. At all relevant times herein, Plaintiff maintained his residence at this address.

3. At all relevant times herein, Plaintiff is a "consumer" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

4. Upon information and belief, Defendant is a corporation incorporated under the laws of the State of California and authorized to conduct business in the State of California.

5. Upon further information and belief, Defendant is engaged in the business of debt collection of debts incurred, and alleged to be incurred, for personal, family or household purposes, and is a collection firm with its principal place of business at 1901 W. 10th Street, Antioch, California 94509.

6. Upon information and belief and at all relevant times, Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## JURISDICTION AND VENUE

7. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 *et. seq.* and 28 U.S.C. 2201. If applicable, the Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. §1367(a).

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2).

## INTRADISTRICT ASSIGNMENT

9. Pursuant to Civil Local Rule 3-2(c), this case is to be assigned to either the San Francisco or Oakland divisions, because a substantial portion of the events giving rise to the claim occurred in Sonoma County.

## GENERAL FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

10. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "9" herein with the same force and effect as if the same were set forth at length herein.

11. Upon information and belief, the nature of the underlying debt allegedly owed by the Plaintiff is the type of debt the FDCPA was designed to regulate.

12. In or around February 2013, Defendant commenced collection activity against Plaintiff to recover a debt Defendant believed Plaintiff was obligated to pay (referred to hereinafter as the "Alleged Debt").

13. In or around February 2013, Defendant placed a telephone call to Plaintiff in an attempt to collect the alleged debt.

14. Defendant left a message for Plaintiff looking for someone else other than Plaintiff.

15. On or about May 4, 2013, a Saturday, Defendant placed another call to Plaintiff in an attempt to reach Carol Bloom.

16. However, Plaintiff does not know a Carol Bloom.

17. Plaintiff was once married to a Carole Anne Blum, but the two divorced in 1993.

18. Neither Carol Bloom nor Carole Anne Blum resides at Plaintiff's address.

19. Despite being advised of such, Defendant continued to make harassing phone calls to Plaintiff.

20. On or around May 6, 2013 and May 8, 2013, Defendant called Plaintiff again in an attempt to reach Carol Bloom.

21. On or around May 11, 2013, a Saturday, Defendant called Plaintiff after 9:00pm.

22. These calls greatly inconvenienced both Plaintiff and the other residents of his home.

23. As a result of the Defendant's deceptive, misleading and unfair debt collection practices, the Plaintiff has been damaged.

24. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## FIRST CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692d

25. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "24" herein with the same force and effect as if the same were set forth at length herein.

26. Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in conduct the natural consequences of which were to harass, oppress, and abuse the Plaintiff when it placed incessant and harassing calls to Plaintiff at inconvenient times.

27. As a result of Defendant's violation of the FDCPA, the Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## DEMAND FOR TRIAL BY JURY

28. Plaintiff hereby demands a trial by jury for all claims and issues in this complaint for which the Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Ron Glazier demands judgment from the Defendant, Bay Area Credit Service, LLC., as follows:

A.   For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

B.   For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A):

C.   For attorneys' fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

D.   For a declaration that the Defendant's practices violated the FDCPA; and,

E.   For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:  New York, New York
        April 7, 2014

                    Respectfully submitted,

                    By: /s/ Timothy Reed
                       TIMOTHY REED, Esq.
                    FREDRICK SCHULMAN & ASSOCIATES
                    Attorneys at Law
                    Attorney for Plaintiff
                    30 East 29TH Street
                    New York, New York 10016
                    (212) 796-6053